**CIVIL MINUTES – GENERAL**   **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS (Dkt. 26, filed May 12, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of June 19, 2017 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

On September 27, 2016, plaintiff Lenee Sweeney filed this action against defendants The U.S. Equal Employment Opportunity Commission ("EEOC"); Jenny R. Yang, then Chair of the EEOC; and Does 1–10, inclusive. Dkt. 1. On November 10, 2016, plaintiff filed her first amended complaint. Dkt. 12 ("FAC"). Plaintiff alleges eight claims: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 et seq.; (2) race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; (3) retaliation in violation of Title VII; (4) fraud; (5) misrepresentation; (6) interference with prospective business advantage; (7) intentional infliction of emotional distress; and (8) defamation. Id.

On May 12, 2017, defendant Victoria A. Lipnic[1], Acting Chair of the EEOC, filed a notice of motion and motion to dismiss plaintiff's complaint. Dkt. 26 ("MTD").

---

[1] Victoria A. Lipnic was named as the Acting Chair of the EEOC on January 25, 2017. Pursuant to the Federal Rules of Civil Procedure Rule 25(d), when a public officer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  **'O'**

| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
|---|---|---|---|
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Plaintiff filed her opposition on May 26, 2017, dkt. 28 ("Opp'n"), and defendant filed a reply on June 5, 2017, dkt. 31.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts. Beginning in August 2008, plaintiff, an African American woman born in 1958, was employed by the EEOC as an Information Specialist/Records Disclosure Coordinator for the Los Angeles District Office. FAC ¶¶ 14, 16. Plaintiff has worked in the federal government for approximately thirty years. Id. ¶ 15.

At an unspecified time, plaintiff's manager, Thomas Profit, allegedly discriminated against her on the basis of her age, race, and sex.[2] Id. ¶ 17.

On or about November 18, 2015, Profit put plaintiff on a "Performance Improvement Plan" ("PIP"). Id. ¶¶ 17, 71. Plaintiff alleges that a PIP, which indicates "performances issues," remains on an employee's file where it can be used as a tool to justify terminating an employee. Id. A PIP can negatively impact an employee's job opportunities by preventing transfer and affecting pay or potential bonuses. Id. ¶ 17. Plaintiff contends that the PIP inaccurately and unfairly criticized her work. Id.

On the same day, plaintiff contacted the EEOC to file a complaint for harassment and discrimination. Id. ¶ 20.

Plaintiff requested a transfer away from Profit, but her request was denied. Id. ¶ 18. Other transfer requests were granted to younger, non-African American women. Id. Profit also revoked plaintiff's ability to telecommute two days per week, while permitting other employees who were not African American to continue to do so.

---

ceases to hold office while an action is pending, "the officer's successor is automatically substituted as a party." Lipnic therefore substitutes for Yang as defendant in this suit.

[2] Plaintiff does not specify which alleged discriminatory acts occurred prior to her November 18, 2015 EEOC complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
|---|---|---|---|
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Id. ¶¶ 18, 54.  Another manager, Rosa Viramontes, made fun of plaintiff and told her that "assistants did not want to listen to her because she was black."[3]  Id. ¶ 19.

"After plaintiff complained," individuals at the EEOC falsely told her that she had reached her thirtieth year of employment with the federal government, and that she was entitled to pension payments and lifetime medical benefits.[4]  Id. ¶ 58.

Profit told plaintiff that he had calculated her time and that she would be eligible for retirement starting in December 2015.  Id. ¶ 21.  Plaintiff relied on Profit's representations that she could retire with full benefits.  Id. ¶ 22.  Plaintiff would not have requested retirement if she "had been told the truth."  Id.  Plaintiff alleges that Profit lied to her about her eligibility for retirement benefits because he wanted to "get rid of" her due to her age, sex, and race.  Id. ¶ 23.

Unnamed individuals at the EEOC allegedly confirmed with plaintiff that she was eligible to receive lifetime retirement benefits.  Id. ¶ 24.  These individuals knew that this was false and had no intention to pay plaintiff her pension or medical benefits.  Id.  Plaintiff contends that individuals at the EEOC wanted her to suffer as retaliation for her complaints.  Id.

In December 2015, plaintiff followed the directions of Pamela Akers, an EEOC Benefits Specialist, and unnamed others and submitted her request to retire upon January 2016.  Id. ¶ 21.

Plaintiff does not state how she discovered that she was not, in fact, entitled to retire with lifetime benefits.  Nonetheless, on or about January 29, 2016, plaintiff filed an amended complaint with the EEOC based on "constructive discharge" due to the alleged misrepresentation of her eligibility for retirement benefits.  Id. ¶ 27.  On February 10, 2016, plaintiff received a Notice of Acceptance and Amendment.[5]  Id. ¶ 11.

---

[3] Plaintiff does not identify when these alleged discriminatory acts occurred.

[4] Plaintiff does not further specify when these alleged misrepresentations occurred.

[5] Plaintiff does not elaborate, but this notice seems to be an acknowledgment from the EEOC of the receipt of an amended complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
|---|---|---|---|
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

On or about February 18, 2016, plaintiff received a letter from Ms. Williams acknowledging that Akers had previously told plaintiff that her retirement package was complete and submitted to the Office of Personnel Management ("OPM").[6] Id. ¶ 21. The letter explained that the EEOC did not process plaintiff's retirement package, despite what Akers had told plaintiff, and that it had instead delayed processing by keeping it in Akers' office instead of forwarding the package to OPM. Id. ¶ 25.

Plaintiff applied to go back to work at multiple federal agencies to try to "make up" the additional months she needed to reach the thirty-year anniversary for retirement benefits. Id. ¶¶ 26, 28. Defendants defamed plaintiff by telling others that she was "unstable" and should not be hired. Id. ¶ 26.

The EEOC advertised a job that plaintiff was qualified for, but refused to hire her when she applied. Id. ¶ 31. Plaintiff continued to "beg" the EEOC to correct the "mistake" as to her retirement benefits and provide her with medical insurance. Id. ¶¶ 31–32.

Plaintiff suffered severe emotional distress due to lack of income, pension payment, and insurance. Id. ¶ 30. Plaintiff became deeply depressed, but she could not obtain medical treatment for depression because she did not have insurance. Id. ¶ 42.

Nine months after her retirement, plaintiff filed this lawsuit. Id. ¶ 33. Plaintiff alleges that the EEOC failed to complete an investigation within 180 days of plaintiff's filing the amended charge. Id. ¶¶ 11–13. The EEOC allegedly knew its managing agents had a policy to terminate employees who were over forty, and allowed this discriminatory policy to continue. Id. ¶ 44. Plaintiff alleges that "defendants judged older workers, including plaintiff, terminated her, and replaced her with a younger individual." Id. ¶ 41.

Plaintiff seeks a declaration from the Court that she is entitled to immediate institution of retirement benefits and reinstatement of medical insurance benefits. Id. ¶ 34. Plaintiff requests back pay and back pension payments for the months of December 2015 to present, as well as back payments for insurance benefits denied to her. Id. ¶ 35. Plaintiff requests that, if there is any time left needed to obtain retirement benefits for 30 years of service, she be credited with the past months and any additional time needed. Id. ¶ 36.

---

[6] Plaintiff does not further identify Ms. Williams or describe her employment role.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

## III. LEGAL STANDARDS

Defendant seek dismissal of this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6).

### A. Rule 12(b)(1)

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). Such a motion may be "facial" or "factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). That is, a party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Thornhill Publishing co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).

Once a Rule 12(b)(1) motion has been raised, the burden is on the party asserting jurisdiction. Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004). If jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id. When deciding a Rule 12(b)(1) motion, the court construes all factual disputes in favor of the non-moving party. See Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996).

### B. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
|---|---|---|---|
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Secs. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Federal Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

that support the Plaintiff's claim." <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996).

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986); <u>see</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Whether Defendant is Entitled to Sovereign Immunity

Defendant argues that plaintiff's complaint fails to establish that sovereign immunity has been waived for any possible claim against the federal defendant, and accordingly, this action should be dismissed. MTD at 5–6.

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). A waiver of sovereign immunity must be "unequivocally expressed" by a "specific and express statute" of Congress. <u>United States v. King</u>, 395 U.S. 1, 4 (1969). The scope of any waiver of sovereign immunity must be "strictly construe[d] in favor of the government." <u>Orff v. United States</u>, 545 U.S. 596, 601–02 (2005). The scope of any such waiver does not extend to claims not addressed or mentioned within the relevant statutory text. <u>See</u> <u>United States v. Nordic Vill. Inc.</u>, 503 U.S. 30, 34 (1992) (government's consent to be sued must not be "enlarged . . . beyond what the language requires" (quotation marks omitted)). Conditions or limitations on the government's consent to suit must be strictly observed. <u>Soriano v. United States</u>, 352 U.S. 270, 276 (1957). Where the United States has not explicitly consented to suit, "dismissal of the action is required." <u>Gilbert v. DaGrossa</u>, 756 F.2d 1455, 1458. (9th Cir. 1985).

The party bringing a claim against the United States "has the burden of alleging an act of Congress that authorizes the court to entertain that specific claim." 16-105

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Moore's Federal Practice - Civil § 105.21 (2017); e.g., Holloman v. Watt, 708 F.2d 1399 (9th Cir. 1983) (the complaining party "bears the burden of pointing to such an unequivocal waiver of immunity"). Additionally, the Federal Tort Claims Act ("FTCA") explicitly declines to waive sovereign immunity for claims arising out of misrepresentation, libel, slander, deceit, and interference with contract rights. 28 U.S.C. § 2680(h).

Here, plaintiff alleges that her federal claims arise under the ADEA and Title VII of the Civil Rights Act of 1964 and incorporates these allegations as the basis for each claim in the complaint. FAC ¶ 9. The ADEA and Title VII both unequivocally indicate Congress's consent to suit by federal government employees. The ADEA permits that "any person aggrieved may bring civil action in any Federal district court of competent jurisdiction [.]" 29 U.S.C. § 633a(c). Title VII provides that a federal government employee "if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action . . . in which . . . the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Accordingly, the Court finds that the government has waived sovereign immunity with respect to plaintiff's federal claims for age discrimination, race discrimination, and retaliation in violation of the ADEA and Title VII. The Court therefore **DENIES** defendant's motion to dismiss claims 1–3.

Plaintiff's remaining state-law claims for fraud, misrepresentation, interference with prospective business advantage, intentional infliction of emotional distress, and defamation are outside the express scope of the ADEA and Title VII. Because plaintiff has not met her burden of pointing to a specific act of Congress that unequivocally waives sovereign immunity for these state-law claims, the Court lacks subject matter jurisdiction to entertain them. See, e.g., Wright v. Meyer, 46 F. App'x 529, 530 (9th Cir. 2002) (holding that the district court properly dismissed claims against the federal government because plaintiff failed to show an explicit waiver of sovereign immunity).

Furthermore, the FTCA expressly precludes plaintiff's claims for misrepresentation and fraud. 28 U.S.C. § 2680(h); see, e.g., United States v. Neustadt, 366 U.S. 696 (1961) (holding that claims arising out of negligent or fraudulent misrepresentation are not actionable against the federal government); Pauly v. United States Dep't of Agric., 348 F.3d 1143, 1151 (9th Cir. 2003) (holding that a claim based on the communication of misinformation upon which a recipient relies falls squarely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
|---|---|---|---|
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

within the definition of misrepresentation and sovereign immunity applies, regardless of how plaintiffs label their tort claims).

Accordingly, the Court **GRANTS** defendant's motion to dismiss claims 4, 5, 6, 7, and 8 in their entirety.

### B.    Whether Plaintiff's Claims Are Legally Sufficient Under Rule 12(b)(6)

Defendant also moves to dismiss the complaint for failure to state a plausible claim for relief under Rule 12(b)(6). MTD at 4–5. Specifically, defendant argues that the pleading must offer "more than mere labels and conclusions." Id. at 5. Plaintiff's three remaining claims allege age discrimination, race discrimination, and retaliation respectively.

In McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), the Supreme Court laid out a framework for establishing a prima facie case of employment discrimination: (1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). A plaintiff may proceed using the McDonnell Douglas framework as a "useful 'tool'" to reach trial, or alternatively, "may simply produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated" the employer's actions. McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1122 (9th Cir. 2004).

To state a plausible claim for age discrimination in violation of the ADEA using the McDonnell Douglas framework, the complaint must allege that plaintiff was at least forty years old, performed her job satisfactorily, suffered an adverse employment action, and was "either replaced by a younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1049 (9th Cir. 2012).

Here, plaintiff alleges that she is a member of a protected class because she was 57 years old at the time of the events in the complaint. FAC ¶ 14. Plaintiff further alleges that she had thirty years of experience working in the federal government and had performed her job competently. Id. ¶ 40. Plaintiff contends that that her managers took an adverse employment action against her by: (a) placing her on a PIP, id. ¶ 17;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

(b) denying plaintiff's request to transfer away from Profit while granting similar requests to other younger women, id. ¶ 18; and (c) constructively terminating plaintiff by encouraging her to retire before her benefits had accrued, id. ¶¶ 23–24, 27. Plaintiff avers that defendants replaced her with a younger individual. Id. ¶ 41. Plaintiff further contends that plaintiff applied for an advertised job that she was qualified for, but defendant refused to rehire her, id. ¶ 31, and that the EEOC's managing agents had a policy of terminating employees over forty in violation of the law, id. ¶ 44. Taking these allegations as true, the Court finds that plaintiff sufficiently pleads facts that, if proven, would establish plaintiff's age was a factor in the EEOC's decision to constructively terminate plaintiff and not to rehire her. Accordingly, the Court concludes that plaintiff has adequately stated a claim for age discrimination under the ADEA.

To establish a prima facie case for racial discrimination in violation of Title VII, plaintiff must allege that: (1) she belongs to a protected class; (2) she is qualified for the job in question; (3) she suffered an adverse employment action; and (4) similarly situated employees were treated more favorably, or other circumstances giving rise to an inference of discrimination. Reynaga v. Roseburg Forest Prods., 847 F.3d 678, 691 (9th Cir. 2017).

Here, plaintiff alleges that she is a member of a protected group because she is African American. FAC ¶ 4. Plaintiff further alleges that she had thirty years of experience working in the federal government and had performed her job competently. Id. ¶ 53. Plaintiff contends that her supervisor took an adverse employment action against her by: (a) placing her on a PIP, id. ¶ 17, (b) revoking her ability to telecommute while allowing employees who were not African American to continue to do so, id. ¶ 54, (c) denying her request to transfer away from Profit while granting similar requests to other non-African American women, id. ¶ 18, and (d) constructively terminating plaintiff by encouraging her to retire before her benefits had accrued, id. ¶¶ 23–24, 27. Plaintiff avers that a manager told her that "assistants did not want to listen to her because she was black." Id. ¶ 19. Plaintiff further contends that she applied for an advertised job that she was qualified for, but defendant refused to rehire her. Id. ¶ 31. Taking these allegations as true, the Court finds that plaintiff sufficiently pleads facts that, if proven, would establish plaintiff's race was a factor in the EEOC's decision to constructively terminate plaintiff and not to rehire her. Accordingly, the Court concludes that plaintiff has adequately stated a claim for race discrimination under Title VII.

Similarly, to state a plausible claim for retaliation under Title VII, plaintiff must allege that: (1) she acted to protect her Title VII rights; (2) an adverse employment action was thereafter taken against her; and (3) a causal link existed between the two events. McGinest, 360 F.3d at 1124.

Here, plaintiff alleges that she engaged in protected behavior because she filed a complaint with the EEOC about age, race, and sex discrimination. Id. ¶ 70. Plaintiff further alleges that she had thirty years of experience working in the federal government and had performed her job competently. Id. ¶ 53. Plaintiff contends that her supervisor took an adverse employment action by: (a) placing her on a PIP, id. ¶ 71, and (b) constructively terminating plaintiff by encouraging her to retire before her benefits had accrued, id. ¶¶ 23–24, 27. Plaintiff avers that individuals at the EEOC falsely told plaintiff that her retirement payments were approved because they wanted to "punish" plaintiff for her complaints. Id. ¶¶ 74, 77. Plaintiff further contends that plaintiff applied for an advertised job that she was qualified for, but defendant refused to rehire her. Id. ¶ 31. Taking these allegations as true, the Court finds that plaintiff sufficiently pleads facts that, if proven, would establish that retaliation for plaintiff's protected behavior was a factor in defendant's decision to constructively terminate plaintiff and not rehire her. Accordingly, the Court concludes that plaintiff has adequately stated a claim for retaliation under Title VII.

### C. Whether Plaintiff May Request Punitive Damages

Defendant moves to strike plaintiff's request for punitive damages from the complaint. MTD at 8–9. The Civil Rights Act of 1991 allows recovery of punitive damages for employment discrimination against a respondent "other than a government, government agency or political subdivision." 42 U.S.C. § 1981a(b)(91). Courts have applied this language to prohibit awards or requests for punitive damages against governmental entities in actions under Title VII. See, e.g., In re Sparkman, 703 F.2d 1097, 1100 (9th Cir. 1983) (affirming "long-established principle" that the United States, its agencies, and instrumentalities cannot be held liable for punitive damages unless there is express statutory authorization for such liability").

Here, plaintiff filed this action against the EEOC, a government agency, with the Chair of the Commission serving as defendant. The defendant clearly falls within the category of government entities from which 42 U.S.C. § 1981 expressly precludes the recovery of punitive damages. Although plaintiff's state-law claims could give rise to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

punitive damages, the Court has already dismissed plaintiff's state-law claims because plaintiff cannot allege any facts to support such claims against this federal defendant. Therefore, the Court **DISMISSES** plaintiff's request for punitive damages.

### D. Whether Plaintiff Named the Proper Defendant

Defendant contends that plaintiff improperly names the EEOC as a party, and that the only proper defendant in this action is the Commission's Acting Chair, Victoria Lipnic. MTD at 9.

Plaintiff's remaining three claims are brought pursuant to the ADEA and Title VII. Title VII expressly provides that if a federal employee is aggrieved by the final disposition of a complaint or failure to take final action on a complaint, the employee may file a civil action in which "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). Because the ADEA does not specify who should be named as defendant in an age discrimination action, the Ninth Circuit has relied on Title VII for guidance and held that § 2000e-16(c)'s identification of the proper defendant for Title VII discrimination actions also applies to ADEA claims. Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir. 1986).

Here, plaintiff has named both the EEOC and the Chair as defendants. Because Lipnic, Acting Chair of the EEOC, is the appropriate defendant under Title VII and the ADEA, the Court **DISMISSES** plaintiff's claims as against the EEOC.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** defendant's motion to dismiss claims 4, 5, 6, 7, and 8. Plaintiff's claims for fraud, misrepresentation, interference with prospective business advantage, intentional infliction of emotional distress, and defamation are hereby **DISMISSED**. The Court **DISMISSES** plaintiff's request for punitive damages. Furthermore, the Court **DISMISSES** the EEOC as a defendant in this action.

The Court **DENIES** defendant's motion to dismiss plaintiff's claims against Lipnic for age discrimination (claim 1), race discrimination (claim 2), and retaliation (claim 3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    **'O'**

| Case No. | 2:16-cv-07240-CAS(RAO) | Date | June 12, 2017 |
|---|---|---|---|
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Because amendment to plaintiff's complaint would be futile, the Court **ORDERS** defendant to file an answer within **fourteen (14) days** of the date of this order.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |