| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 63, filed May 25, 2018)

PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE TO ENGAGE IN MEDIATION (Dkt. 64, filed May 25, 2018)

PLAINTIFF'S MOTION FOR SANCTIONS FOR DISCOVERY ABUSE (Dkt. 65, filed May 25, 2018)

## I. INTRODUCTION

On September 27, 2016, plaintiff Lenee Sweeney filed the instant action against defendants U.S. Equal Employment Opportunity Commission (EEOC); Jenny R. Yang, then Chair of the EEOC; and Does 1–10, inclusive. Dkt. 1. On November 10, 2016, plaintiff filed her first amended complaint. Dkt. 12 ("FAC"). The gravamen of plaintiff's complaint is that defendants discriminated against her on the basis of her age and race.

On May 12, 2017, defendant Victoria A. Lipnic[1], Acting Chair of the EEOC, filed a notice of motion and motion to dismiss plaintiff's complaint. Dkt. 26. On June 12,

---

[1] Victoria A. Lipnic was named as the Acting Chair of the EEOC on January 25, 2017. As noted in the Court's June 12, 2017 order on defendant's motion to dismiss and as amended in plaintiff's second amended complaint, Lipnic has been substituted for Yang as defendant in this suit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

2017, the Court granted Lipnic's motion to dismiss plaintiff's claims for fraud, misrepresentation, interference with prospective business advantage, intentional infliction of emotional distress, and defamation on sovereign immunity grounds, and dismissed the EEOC as a defendant. Dkt. 32.

On December 5, 2017, plaintiff filed a motion for leave to file a second amended complaint ("SAC") to name the Office of Personnel Management ("OPM") as an additional defendant in her request for declaratory relief. Dkt. 40. On January 8, 2018, the Court granted plaintiff's motion.[2] Dkt. 44.

On January 12, 2018, plaintiff filed an amended complaint and named OPM as an additional defendant with respect to her request for declaratory relief. Dkt. 45. Plaintiff alleges eight claims in the SAC: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 et seq.; (2) race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e et seq.; (3) retaliation in violation of Title VII; (4) fraud; (5) misrepresentation; (6) interference with prospective business advantage; (7) intentional infliction of emotional distress; and (8) defamation.[3] Id.

On May 14, 2018, OPM filed a motion to dismiss OPM as a defendant pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 59. On June 11, 2018, the Court granted OPM's motion to dismiss for lack of subject matter jurisdiction and dismissed OPM as a defendant in this action. Dkt. 73.

On May 25, 2018, Lipnic (hereinafter, "defendant") filed the instant motion for summary judgment. Dkt. 63 ("MSJ"). On the same day, defendant filed a statement of undisputed facts in support of the motion. Dkt. 63–5 ("DSUF"). On June 18, 2018,

---

[2] In its order, the Court observed that the issue of whether the Court has subject matter jurisdiction over OMP was a matter better decided on a motion to dismiss. See Dkt. 44.
[3] The Court dismissed plaintiff's fourth through eighth claims on sovereign immunity grounds on June 12, 2017. See Dkt. 32. Because plaintiff did not seek leave of Court to reinstate these claims, on July 11, 2018, the Court ordered these claims stricken from the record. See Dkt. 73.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

plaintiff filed an opposition,[4] dkt. 84 ("Opp'n"), and filed a separate statement of facts in support thereof, dkt. 83 ("PSF"). Plaintiff also filed evidentiary objections to defendant's motion. Dkt. 82. On June 25, 2018, defendant filed a reply, dkt. 87 ("Reply"), and filed a response to plaintiff's evidentiary objections, dkt. 86.

On May 25, 2018, plaintiff filed the instant motions for sanctions. Dkts. 64, 65. On June 5, 2018, defendants filed oppositions to each motion, dkts. 68, 70, and on June 12, 2018, plaintiff filed replies to each opposition, dkts. 75, 76. With leave of Court, the parties filed supplemental declarations on July 9, 2018. Dkts. 90–92.

On July 2, 2018, the Court held a hearing. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

The following facts are not meaningfully disputed and are set forth for purposes of background. Unless otherwise noted, the court references only facts that are uncontroverted and as to which evidentiary objections have been overruled.[5]

### 1. Plaintiff's Employment at the EEOC

Plaintiff, an African-American woman born in 1958, began working for the EEOC in August 2008 as an Information Specialist/Records Disclosure Coordinator for the EEOC's Los Angeles District Office ("LADO"). DSUF nos. 1–2; SAC ¶¶ 14–16.

---

[4] In its tentative order, the Court observed that plaintiff's opposition set forth legal standards concerning a hostile work environment claim, although the SAC does not allege a claim for hostile work environment. See Opp'n at 8–9. The Court requested oral argument as to whether plaintiff was seeking leave to amend the SAC to include this claim. At the hearing, plaintiff indicated that she did not intend to seek leave to amend the SAC.

[5] Defendant requests that the Court strike the Declaration of Maryann P. Gallagher for its improper inclusion of argument and matters not premised upon Gallagher's personal knowledge. Reply at 16–17. The Court has reviewed Gallagher's declaration and agrees that it impermissibly sets forth argument and facts not premised on personal knowledge. As such, the Declaration of Maryann P. Gallagher is hereby **STRICKEN**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Plaintiff's duties included receiving and responding to requests for records under the Freedom of Information Act ("FOIA"). DSUF no. 3; Declaration of Thomas Profit ("Profit Decl.") ¶ 4. She worked with a team to coordinate the activities of the Records Disclosure Unit. DSUF no. 4; Profit Decl. ¶ 4. District Resources Manager, Thomas Profit, was plaintiff's supervisor from 2008 until she left the EEOC in late November 2015. DSUF no. 5; Profit Decl. ¶ 4.

### 2.     Plaintiff's Performance as the Records Disclosure Coordinator

From 2008 through September 2014, plaintiff's performance was rated either "Highly Effective" or "Outstanding" in her annual performance reviews. DSUF no. 6; Profit Decl. ¶ 7. The parties dispute whether, during Fiscal Year ("FY") 2014, plaintiff's performance began to falter. It is undisputed that during this time, although plaintiff made some errors in document production, her overall performance was rated as "highly effective." Declaration of Lenee Sweeney ("Sweeney Decl.") & Ex. 7; Profit Decl. ¶ 8.

Beginning February 11, 2015, plaintiff exchanged emails from her personal email account with Michael Morisy, an individual affiliated with a website called MuckRock.com. DSUF nos. 10, 11; Profit Decl. ¶ 10 & Ex. A. In her emails to Morisy, plaintiff alleged that she found her home address and contact information listed on Morisy's website and demanded removal of her contact information from the website. DSUF nos. 12, 15; Profit Decl. ¶¶ 10, 11 & Ex. A. In her opening email, plaintiff used vulgar language, threatened to sue Morisy, and stated that she had contacted the police and local United States Attorney. DSUF no. 16; Profit Decl. ¶ 11 & Ex. A. Morisy responded that the information published on his website came from the EEOC website. DSUF no. 17; Profit Decl. ¶ 11 & Ex. A.

On February 19, 2015, Morisy forwarded this email thread to LADO's FOIA email and asked LADO to investigate plaintiff's threats and lack of professionalism. DSUF nos. 19–20; Profit Decl. ¶ 12 & Ex. A. At the time of this incident, plaintiff had access to the LADO FOIA email by virtue of her position at the EEOC. DSUF no. 21; Profit Decl. ¶¶ 4, 13. Plaintiff responded to Morisy's email from the LADO FOIA email account. DSUF no. 22; Profit Decl. ¶ 13.

Plaintiff forwarded the email thread to Profit on February 19, 2015, and thereafter Profit searched the MuckRock.com website and found that the website only listed LADO's address and the fax number of the LADO's Records Disclosure Unit. DSUF no.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

13; Profit Decl. ¶ 10 & Ex. B. Profit contends that he did not find any of plaintiff's personal information on the website, DSUF no. 14 & Profit Decl. ¶ 10, although Sweeney contends that after her email exchange with Morisy, her personal contact information was removed from the MuckRock.com website. Sweeney Decl. ¶ 33. On March 16, 2015, Profit conducted a formal counseling session with plaintiff regarding her interactions with Morisy. DSUF no. 25; Profit Decl. ¶ 14.

On March 18, 2015, Profit met with plaintiff and conducted her mid-year review for FY 2015. DSUF no. 26; Profit Decl. ¶ 15 & Ex. F. Profit's mid-year review provides that plaintiff's work product "is much improved from her last review," and that management "is pleased with this excellent progress." Sweeney Decl. & Ex. 10. The review references plaintiff's incident with Morisy, and notes that "it is hoped that this episode will not be repeated nor need to be revisited." Id.

It is disputed whether, during the second half of FY 2015, plaintiff's work product began to deteriorate insofar as it included miscounted pages, improperly redacted documents, improperly withheld documents, and improperly produced documents. In plaintiff's FY 2015 review, Profit rated her "Completed Work Product" as "Unsatisfactory." DSUF no. 31; Profit Decl. & Ex. G.

### 3. Plaintiff's November 2015 Review Meeting and Subsequent Retirement

On November 18, 2015, Profit met with plaintiff to discuss her FY 2015 rating. DSUF no. 33; Profit Decl. ¶ 21. It is undisputed that Profit placed plaintiff on a Performance Improvement Plan ("PIP") to assist her with improving her performance, although the parties dispute whether the PIP was warranted. DSUF no. 32 & Profit Decl. & Ex. H. As a result of the PIP and pursuant to plaintiff's union's collective bargaining agreement, Profit temporarily disallowed plaintiff from telework for the course of the PIP. DSUF no. 35; Profit Decl. ¶ 21.

During the November 18, 2015 meeting, plaintiff stated that she would retire rather than serve on a PIP, terminated the meeting, and left the office. DSUF no. 36; Profit Decl. ¶ 21. On the same day, plaintiff filed an EEOC complaint. DSUF no. 37; SAC ¶ 11, 20. Plaintiff took sick leave for the remainder of her employment. Sweeney Decl. ¶ 77.

On August 10, 2016, the EEOC posted a vacancy for plaintiff's prior position. DSUF no. 40; Profit Decl. ¶ 24. Kenneth Graham, an African-American male born in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
|---|---|---|---|
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

1954, was hired and remains employed in that position. Id. Between November 2015 and August 10, 2016, two unpaid interns completed the duties for plaintiff's prior position: (1) Richard Childress, a Caucasian male born in 1959; and (2) Saul Vasquez, a Hispanic male born in 1986. DSUF no. 42; Profit Decl. ¶ 25.

### 4. Defendant's Calculations of Plaintiff's Retirement

Pamela Akers, a former Human Resource Specialist at EEOC Headquarters, was initially responsible for processing plaintiff's retirement application.[6] DSUF no. 43; Declaration of Tina Young ("Young Decl.") ¶ 4. Plaintiff asserts in her declaration that her elected date of retirement was January 9, 2016. Sweeney Decl. ¶ 95.

On January 5, 2016, plaintiff emailed Akers to confirm that her paperwork was completed and that she was ready to retire, and Akers confirmed that this was the case. Id. ¶ 97 & Ex. 24. By January 26, 2016, plaintiff asserts that she had not received any retirement payments, and that her health insurance had been cut off. Sweeney Decl. ¶ 98. Sweeney emailed Profit on January 26, 2016 and requested that her retirement paperwork be submitted. Id. ¶ 100.

On January 27, 2016, Profit's assistant emailed plaintiff to inform her that the EEOC Office of Human Resources had completed processing her retirement action. Id. ¶ 104 & Ex. 26. On February 1, 2016, plaintiff emailed Sheila Clark, the Assistant Director of EEOC Human Resources, to request a review of the retirement calculations and an Office of Personnel Management ("OPM") audit, and Clark responded on the same day that OPM would review her retirement package and would correct any errors or notify the EEOC if it needed additional information. Id. & Exs. 29–30.

In February 2016, after Akers left the EEOC, Tina Young—another EEOC Human Resource Specialist—became responsible for processing plaintiff's retirement application. DSUF no. 45; Young Decl. ¶ 5. Before forwarding plaintiff's retirement application to the OPM, Akers needed to review and record plaintiff's creditable federal service history and obtain her signature verifying the same. DSUF no. 46; Young Decl. ¶¶ 6–9. Plaintiff's service was to be recorded in "certified summary form." DSUF no. 47; Young Decl. ¶¶ 6–9. When Young assumed responsibility for processing plaintiff's

---

[6] Akers is no longer employed at the EEOC. DSUF no. 4; Young Decl. ¶ 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

retirement application in February 2016, she could not locate a previously-prepared certified summary form. DSUF no. 48; Young Decl. ¶ 10.

Using the information in plaintiff's electronic Official Personnel File, Young recorded plaintiff's federal service. DSUF no. 49; Young Decl. ¶¶ 6, 11–12. Young identified several gaps in plaintiff's employment with the federal government. DSUF no. 50; Young Decl. ¶¶ 11. In addition, plaintiff had at least one period of temporary federal employment that was not creditable service and could not be properly included in plaintiff's years of service for retirement purposes, and Young found no evidence that plaintiff had paid into the retirement system during this period of service. DSUF nos. 51, 52; Young Decl. ¶¶ 12–13. Young calculated plaintiff's service computation date as September 26, 1986, and concluded that plaintiff did not have 30 years of creditable federal service at the time of retirement. DSUF nos. 55–57; Young Decl. ¶ 16.

On February 22, 2016, Young emailed plaintiff that her retirement application had not been forwarded to OPM because there were "too many discrepancies to release [plaintiff's] retirement application to OPM." DSUF no. 58; Young Decl. ¶ 17 & Ex. 2. On March 11, 2016, Young explained to plaintiff in writing that her service computation date did not include a period of service during which she could not verify that plaintiff paid into the federal retirement system. DSUF no. 59; Young Decl. ¶ 20.

On March 1, 2016, Young emailed plaintiff the "certified summary form" portion of her application for review, verification, and signature. DSUF no. 60; Young Decl. ¶ 18. The parties dispute whether plaintiff verified and signed the form that Young sent her.

On April 18, 2016, plaintiff emailed Clark and stated that she wished to resign from the EEOC rather than retire, though the parties dispute whether plaintiff willingly did so. DSUF no. 62; Young Decl. ¶ 21 & Ex. 6.

## III. LEGAL STANDARDS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

### A. Summary Judgment

Defendant argues that defendant is entitled to summary judgment against plaintiff because she fails to establish a prima facie case of race discrimination, age discrimination, and retaliation as a matter of law. MSJ at 13.

#### 1. Race Discrimination in Violation of Title VII

Defendant asserts that plaintiff fails to meet three of the four elements necessary to establish a prima facie case of discrimination based on race. MSJ at 8.

In evaluating claims for employment discrimination, a plaintiff may establish an inference of unlawful discrimination by satisfying the three prima facie elements set forth in McDonnell Douglas v. Green, 411 U.S. 792 (1973). See Reynaga v. Roseburg Forest

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Prod., 847 F.3d 678, 691 (9th Cir. 2017). To demonstrate a prima facie case for race discrimination under Title VII, a plaintiff must allege that (1) she belongs to a protected class; (2) she was performing according to her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. See Reynaga, 847 F.3d 678 at 691.

Once a plaintiff has made a prima facie showing of employment discrimination, "the burden then shifts to the employer to offer a legitimate, nondiscriminatory reason for the adverse employment action." Id. at 691. If the employer offers such a reason, "plaintiff must then raise a triable issue of material fact as to whether the defendant's proffered reasons … are mere pretext for unlawful discrimination." Id. (citation omitted).

The Ninth Circuit has noted that "nothing compels the parties to use the McDonnell Douglas framework, and that a plaintiff may simply produce direct or circumstantial evidence demonstrating that a discriminatory reason 'more likely than not motivated' the employer….Either way, we require 'very little evidence to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by the factfinder, upon a full record.' " Reynago, 847 F.3d 678 at 691 (citation omitted).

      a.    **Prima Facie Case**

With respect to plaintiff's prima facie case, defendant argues that plaintiff was not constructively terminated, that she was "merely given a less than perfect evaluation," was placed on a PIP, and thereafter decided to retire—and subsequently resigned. MSJ at 8–9. Id. Defendant asserts that plaintiff "cannot establish that she was performing according to her employer's legitimate expectations," and that plaintiff had received an "unsatisfactory rating" the year she retired. Id. at 9. Last, defendant argues that plaintiff has identified no other similarly-situated person who was treated more favorably. Id.

In opposition, plaintiff argues that—as the Court determined in its prior order—plaintiff has sufficiently alleged race discrimination in violation of Title VII, and that plaintiff now proffers facts to support each of those allegations. Opp'n at 4. Plaintiff asserts that she performed her job competently and that she suffered adverse employment actions when she (1) was given the PIP; (2) was not allowed to telecommute or transfer away from Profit; (3) was constructively terminated when she was told she could retire

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

with 30 years of creditable time; and (4) was refused for rehire when she reapplied for a position with defendant in August 2016. Id. at 4–5. Plaintiff further asserts that she reported co-workers' outwardly racist comments to her superiors—including Profit—and that they responded by laughing, failing to take action, and commenting on plaintiff's race. Id. at 5. Last, plaintiff asserts that when Caucasian employees requested to transfer to another agency, they were granted transfers whereas plaintiff's multiple transfer requests were refused. Id. at 6.

Defendant replies that plaintiff "merely add[s] references to [p]laintiff's own declaration after each of her allegations," which it argues is inadequate evidence to defeat summary judgment. Reply at 3. Defendant further argues that plaintiff was not performing to her employer's legitimate expectations, and that the mid-year review for FY 2014 demonstrates the issues with plaintiff's performance. Id. During FY 2015, plaintiff's performance became "even more problematic," and defendant argues that plaintiff's performance reviews from 2010 do not address her 2015 performance issues. Id. at 3–4.

Defendant further argues that plaintiff's PIP and the temporary revocation of telecommuting were not adverse employment actions, as a PIP is a non-disciplinary tool to get "underperforming employees back on track," and plaintiff's telework privileges were only "temporarily disallowed" due to the PIP. Id. at 4. Next, defendant argues that plaintiff alleges she suffered an adverse employment action when she was constructively terminated, yet plaintiff "unequivocally elected to resign" in a March 7, 2016 email to OPM. Id. at 5. Last, defendant contends that plaintiff provides "no details about the alleged position that she applied for" with defendant. Id. at 6.

The Court concludes that plaintiff sufficiently demonstrates triable issues of material fact as to her prima facie case for race discrimination in violation of Title VII. First, as an African-American woman, plaintiff is indisputably a member of a protected class. See, e.g., Williams v. Edward Apffels Coffee Co., 792 F.2d 1482, 1487 (9th Cir.1986) (noting that an African–American plaintiff alleging discrimination on the basis of race was "clearly within a protected group").

Second, genuine issues of material fact exist as to plaintiff's performance and whether it was competent. Though defendant argues that plaintiff's performance was incompetent insofar as her performance began to falter in FY 2014 and plaintiff received a poor performance review in FY 2015, this assertion is in dispute insofar as plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

FY 2008 through FY 2014 performance reviews indicated positive overall performance in which she was rated either "Highly Effective" or "Outstanding." See Sweeney Decl. & Exs. 3–7. This string of performance reviews reflects that plaintiff "generally performed dependably and without incident." Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1208 (9th Cir. 2008) (concluding a triable issue of material fact existed as to whether two employees' job performances were satisfactory when their performance deficiencies were relatively minor and infrequent, and concluding that no triable issue existed regarding a third employee, who "over an extended period openly violated [defendant's] policy" and continued to do so after warning). With respect to plaintiff's FY 2014 and FY 2015 performance, plaintiff challenges whether she in fact made mistakes in her work and whether Profit addressed these alleged mistakes with her as reflected in her FY 2015 performance review. See Sweeney Decl. ¶ 60 & Ex. 10. In particular, plaintiff asserts that "Profit did not talk to me about these [mistakes]. If he had, he would have known that these were not my errors, they were Karen Reuter[']s. Karen Reuter was the last person who processed the file." Id. ¶ 60. Moreover, the Court observes that plaintiff's 2015 mid-year review states that the management was "pleased with [plaintiff's] excellent progress" concerning plaintiff's work product, and references plaintiff's interactions with Morisy as "[a] recent customer service failing" that was "not to be repeated [or] revisited." Id. ¶ 63 & Ex. 10 at 3. In light of these disputes, the Court concludes that whether plaintiff's performance was competent is a triable issue of material fact better determined by a jury.

The Court also concludes that a triable issue of fact exists with respect to whether plaintiff suffered an adverse employment action. "Adverse employment actions include 'actions that materially affect[ ] compensation, terms, conditions, or privileges' of employment." James v. C-Tran, 130 F. App'x 156, 157 (9th Cir. 2005) (citing Little v. Windermere Relocation, Inc., 301 F.3d 958, 970 (9th Cir. 2002)). In James, the Ninth Circuit observed in an unpublished disposition that the PIP at issue in that case was "non-disciplinary training that did not materially impact [plaintiff's] compensation, terms, conditions, or privileges of employment," and thus was not an adverse employment action. Id. Here, although defendant argues that the PIP does not constitute an adverse employment action, it appears that the PIP affected plaintiff's privileges of employment insofar as plaintiff asserts that it terminated her ability to telecommute, to request to transfer, and to be promoted, even if only temporarily. See Sweeney Decl. ¶¶ 69, 72. Moreover, although defendant characterizes the PIP as a "non-disciplinary tool," the PIP was cited on plaintiff's FY 2015 annual performance review as the reason for her "Fails to Meet Expectations" rating for performance with respect to her "Completed Work

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Product." See id. & Ex. 10 at 6. In light of these considerations, whether the PIP constituted an "adverse employment action" is a determination better suited for the trier of fact.[7]

Last, the Court concludes that plaintiff attests to circumstances surrounding the alleged adverse employment actions that a reasonable jury could find give rise to an inference of discrimination. "[T]he plaintiff in a disparate treatment case must show the employer's intent to discriminate, but intent may be inferred from circumstantial evidence." McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1122 (9th Cir. 2004) (citing Domingo v. New England Fish Co., 727 F.2d 1429, 1435 (9th Cir. 1984)). Here, plaintiff asserts that a Caucasian coworker, Karen Reuter, made comments to plaintiff about the movies "The Help" and "The Butler," asserted that an African-American man in the office had "probably been in jail or prison because he is black," frequently voiced her frustrations about "black [customers]," and mocked African-American customers' "long fingernails." Sweeny Decl. ¶¶ 26–27, 46. Plaintiff asserts that this happened on a monthly basis, and that when she complained about Reuter's comments to Profit, Profit laughed and failed to take any action in response. Sweeney Decl. ¶ 27. Plaintiff further asserts that Profit would permit Caucasian employees to use racial slurs towards her by ignoring plaintiff's complaints. Sweeney Decl. ¶ 30. Although the Court observes that plaintiff's primary evidence of these assertions appear to come primarily from plaintiff's personal knowledge, "very little[] evidence is necessary to raise a genuine issue of fact regarding an employer's motive; any indication of discriminatory motive … may suffice to raise a question that can only be resolved by a fact-finder." See McGinest, 360 F.3d 1103 at 1124. As such, the Court concludes that plaintiff has presented evidence raising triable issues concerning defendant's alleged discrimination.

---

[7] In addition, plaintiff asserts that she suffered adverse employment actions (1) when she was allegedly induced to retire after Akers told plaintiff that she had "30 years of service completed" and was thus eligible for retirement; and (2) when plaintiff applied to be rehired by defendant and was not selected for the position. See Sweeney Decl. ¶¶ 6, 44–51, 57–58, 73, 85–93. Whether these actions constituted adverse employment actions are also matters better suited for a jury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

### b. Legitimate, Non-Discriminatory Business Reason for Terminating Plaintiff's Employment

To be "legitimate," the employer's proffered reason need only be "facially unrelated to prohibited bias." McInteer v. Ashley Distribution Services, Ltd., 40 F. Supp. 3d 1269, 1284 (C.D. Cal. August 19, 2014) (J. Bernal) ("Defendants' 'burden is one of production, not persuasion, thereby involving no credibility assessment.' ") (citing Day v. Sears Holdings Corp., 930 F. Supp. 2d 1146, 1169 (C.D. Cal. 2013)).

The Court concludes that defendant has met the burden to proffer a legitimate, non-discriminatory reason for terminating plaintiff's employment insofar as defendant argues that "[p]laintiff's subpar performance" was the reason for plaintiff's PIP, and insofar as plaintiff, by virtue of the fact that she met the minimum retirement age of 56, was eligible for a certain level of retirement at all relevant times. See MSJ at 12.

### c. Showing of Pretext

The Supreme Court has explained that evidence of pretext can take many forms. McDonnell Douglas, 411 U.S. at 804–05. "For example, the manner in which the plaintiff was treated by [her] employer during [her] employment may be relevant to a showing of pretext. Additionally, the fact that persons outside the plaintiff's protected class were treated better for offenses of comparable seriousness could also help demonstrate pretext." Reynaga, 847 F.3d 678 at 694 (citing McDonnell Douglas, 411 U.S. at 804–05).

Insofar as plaintiff proffers circumstantial evidence of defendant's alleged discriminatory intent, as set forth *supra*, plaintiff has "necessarily" raised "an issue of material fact with respect to the legitimacy or bona fides of the employer's articulated reason for its employment decision." Cordova v. State Farm Ins. Companies, 124 F.3d 1145, 1150 (9th Cir. 1997) (holding that a plaintiff set forth sufficient evidence of pretext to survive summary judgment when she offered evidence of derogatory, racist comments). Moreover, whether plaintiff's performance was indeed "subpar" is a disputed issue of fact to be resolved by a jury. As such, viewing all the evidence in the light most favorable to plaintiff and resolving all reasonable inferences in her favor, the Court **DENIES** defendant's motion for summary judgment as to plaintiff's claim for race discrimination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
|---|---|---|---|
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

### 2. Age Discrimination in Violation of the ADEA

Plaintiff alleges that defendant "knowingly and willfully" discriminated against her on the basis of her age in violation of the ADEA. SAC ¶ 41.

To allege a prima face case of discrimination under the ADEA, a plaintiff must demonstrate that (1) she was at least forty years old; (2) performed her job satisfactorily; (3) suffered an adverse employment action; and (4) was "either replaced by a younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." Sheppard v. David Evans & Assoc., 694 F.3d 1045, 1049 (9th Cir. 2012).

#### a. Prima Facie Case

Defendant reiterates that plaintiff was not performing her job satisfactorily and that plaintiff did not suffer an adverse employment action. MSJ at 9. Defendant asserts that, although the temporary interns selected to fill plaintiff's vacancy were younger, the interns were not EEOC employees and they were not selected or hired by the EEOC to fill plaintiff's position. Id. Defendant further argues that plaintiff has made "no such showing in this case" that, but-for her age, she would not have suffered an adverse action. Id. at 10.

In opposition, plaintiff argues that the Court has already ruled that plaintiff has alleged sufficient facts to state a claim for age discrimination, and plaintiff, in turn, proffers facts to support these allegations. Opp'n at 6. Plaintiff asserts that coworkers made fun of her because of her age and that her supervisor, Profit, allowed this conduct to continue. Id. at 7–8.

Next, plaintiff argues that the Court should exclude defendant's hiring of an African-American man over the age of 40 to fill plaintiff's position, insofar as he was hired after the filing of the instant action. Opp'n at 14. Plaintiff cites to Ninth Circuit authority for the proposition that a defendant's hires made after a plaintiff's EEOC or federal court complaint do not have probative value with respect to discrimination claims insofar as the employer is incentivized under these circumstances to take corrective action to shield itself from liability. Id. at 14–15 (citing Chuang v. University of Cal. Davis, 225 F.3d.1115, 1129–30 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

In reply, defendant argues that plaintiff again merely "inserts references to her own [d]eclaration" to attempt to defeat summary judgment. Reply at 7. Defendant contends that plaintiff fails to demonstrate that she performed her job satisfactorily or that she was discharged, and asserts that plaintiff's replacement was four years older than plaintiff. Id. Last, defendant argues that the circumstances do "not give rise to an inference that [p]laintiff's alleged non-selection [for rehire] was caused by discrimination based on age," and that plaintiff fails to adduce evidence showing discriminatory intent. Id. at 8.

As an initial matter, it is undisputed that plaintiff is over forty years of age. See, e.g., Williams, 792 F.2d 1482 at 1487 (noting that a plaintiff over forty years of age alleging discrimination on the basis of age was "clearly within a protected group"). For the same reasons set forth *supra*, triable issues of material fact exist as to whether plaintiff was performing her job in a satisfactory manner, and whether she suffered an adverse employment action.

With respect to the fourth element of plaintiff's prima facie case, the Court requested oral argument as to when, precisely, plaintiff's replacement was hired. In particular, the Court requested information as to whether the individual was hired before or after plaintiff's September 2016 filing of the instant action, given the Ninth Circuit's observation that hiring that occurs *after* a plaintiff files an EEOC complaint or a lawsuit in federal court "eliminates any probative value the evidence might otherwise have" in analyzing discrimination claims under Title VII. Chuang, 225 F.3d 1115 at 1129. As such, "it is clear that nondiscriminatory employer actions occurring subsequent to the filing of a discrimination complaint will rarely even be relevant as circumstantial evidence in favor of the employer." Id. In a supplemental declaration filed on July 9, 2018, Profit clarifies that he received a list of eligible hires in October 2016, that he was not involved in compiling the list, and that he selected Kenneth Graham from this list, an African-American male born in 1954, to serve as plaintiff's replacement. Dkt. 91 Supplemental Declaration of Thomas Profit ("Supp. Profit Decl.") ¶¶ 4–8. Here, because Graham was hired the month after plaintiff's complaint was filed, the Court concludes that defendant's subsequent hiring of an African-American male who is older than plaintiff has little relevance—if any—to the question of whether plaintiff was subjected to age discrimination during her employment.

Additionally, the Court observes that plaintiff asserts that she was the victim of ageist remarks from coworkers that went unaddressed by Profit. With respect to the issue of discriminatory remarks, the Ninth Circuit has observed that "[r]emarks can constitute

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

evidence of discrimination. The Supreme Court has held that telling an employee he 'was so old [he] must have come over on the Mayflower' and 'was too damn old to do [his] job' constituted evidence of age discrimination." Pottenger v. Potlatch Corp., 329 F.3d 740, 747 (9th Cir. 2003) (citing Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 151 (2000)). Here, plaintiff attests—and the Court accepts as true for purposes of summary judgment—that Profit and her coworkers would "make fun of [her] hearing and the way [she] walked," that everyone in the office was younger than her, and that "Profit refused to take action against the younger employees [] when they would disrespect me." Sweeney Decl. ¶¶ 53–54. Given these assertions that plaintiff attests to from her personal knowledge, and absent evidence controverting plaintiff's assertions, the Court tentatively concludes that a triable issue of material fact exists as to the fourth element of plaintiff's prima facie case for age discrimination.[8]

Accordingly, the Court **DENIES** defendant's motion for summary judgment as to plaintiff's claim for age discrimination in violation of the ADEA.

### 3. Retaliation in Violation of Title VII

Plaintiff alleges that after she complained to EEOC about discrimination on November 18, 2015, she was "defamed … by libelous and slanderous statements falsely claiming that [p]laintiff had performance issues and issuing a [PIP] which made false allegations." SAC ¶¶ 73–74.

To allege a claim for retaliation under Title VII, plaintiff must demonstrate that (1) she acted to protect her Title VII rights; (2) an adverse employment action was thereafter taken against her; and (3) a causal link existed between the two events. McGinest, 360 F.3d 1103 at 1124. "Like discrimination, retaliation may be shown using the McDonnell Douglas burden shifting framework." Id.

#### a. Prima Facie Case

As with plaintiff's claims for race and age discrimination, defendant reiterates that plaintiff cannot establish that she suffered an adverse employment action. MSJ at 10.

---

[8] With respect to the remainder of the McDonnell Douglas framework, for the same reasons noted *supra*, a triable issue of material fact remains as to whether defendant's legitimate, non-discriminatory reasons for the alleged adverse employment actions were pretextual.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Moreover, defendant argues that plaintiff cannot show that but-for her engaging in protected activity, she would not have been put on a PIP. Id. at 11. In particular, defendant argues that plaintiff cannot demonstrate that she engaged in protected activity prior to her placement on a PIP, given that plaintiff was presented with the PIP and FY 2015 performance evaluation *before* plaintiff filed an EEOC complaint. Id.

In opposition, plaintiff argues that she has pled sufficient facts to support allegations that she was retaliated against, and that she proffers evidence in support of each of these allegations. Opp'n at 9. Plaintiff explains that she "engaged in protected behavior before because she filed a complaint with the EEOC about age, race, and sex discrimination," and thereafter Profit placed plaintiff on the PIP. Id. at 9–10 (citing Sweeney Decl. ¶¶ 61–72, 82–92). Moreover, plaintiff asserts in her declaration that she made a complaint to the Office of Equal Opportunity ("OEO") on March 16, 2015, alleging discrimination against her on the basis of race and age. Sweeney Decl. ¶ 39.

Defendant replies that insofar as plaintiff attempts to rely on an alleged "March 2015 OEO Complaint," plaintiff has not disclosed this complaint during discovery, and defendant's Equal Employment Specialist has "no record of [p]laintiff's March 2015 OEO Complaint and it does not appear in [p]laintiff's EEO counseling file, as it should." Reply at 11. As such, defendant requests that the Court strike this new documentary evidence. Id.

Defendant further argues that plaintiff fails to establish she was placed on a PIP for any protected activity, even assuming a PIP qualifies as adverse employment action. Id. Defendant contends that it is clear—based on plaintiff's own evidence—that plaintiff's first protected activity was on November 18, 2015, *after* plaintiff met with Profit about the proposed PIP. Id. at 12.

As an initial matter, plaintiff has established the first prong of the prima facie case insofar as her November 18, 2015 complaint with the EEOC is considered a "quintessential action" protected by Title VII. See McGinest, 360 F.3d 1103 at 1124 n.19. With respect to the second prong, however, no reasonable jury could conclude that plaintiff was wrongfully induced to retire or placed on a PIP given that it appears that plaintiff filed her complaint with the EEOC *after* her November 18, 2015 meeting with Profit. This conclusion is warranted insofar as plaintiff refers to the PIP and her alleged constructive discharge in the body of her November 18, 2015 complaint, which indicates that plaintiff filed the complaint after she received the PIP. See Sweeney Decl. & Ex. 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Though plaintiff raises in her opposition—allegedly for the first time in the case—that she had filed a complaint with the OEO on March 16, 2015, and asserts that she suffered retaliation for *this* complaint, defendant controverts these assertions with the following evidence: (1) the alleged OEO complaint is dated March 16, 2015 in handwritten form, while the document form reflects, in type print, that it was last revised as of "3/20/15," meaning the form would not have been available to plaintiff on March 16, 2015, see id. & Ex. 13; (2) Sabrina Carraway, the Equal Employment Specialist for the EEOC, states that the March 2015 form was not submitted to the OEO at any time insofar as the EEOC has no record of plaintiff's March 2015 complaint, and the complaint does not appear in plaintiff's counseling file, as it should, see Declaration of Sabrina Carraway ("Caraway Decl.") ¶¶ 2, 7–10; (3) plaintiff's November 18, 2015 EEOC complaint lists her date of initial contact as November 18, 2015, see Sweeney Decl. & Ex. 14; and (4) the EEO counselor's report, generated as a result of the November 2015 contact, makes no mention of an earlier March 2015 contact, see id. & Ex. 16. Based on this record, the Court concludes that plaintiff fails to demonstrate that she filed a March 16, 2015 report with the OEO.

At the hearing, plaintiff's counsel argued that plaintiff suffered an adverse employment action in retaliation to her November 2015 complaint insofar as she was not selected for rehire when she applied with the EEOC in August 2016. In response, defense counsel argued that plaintiff has proffered no evidence indicating that she ever applied for rehire with the EEOC. As such, the Court permitted both parties to file, by July 9, 2018, evidence as to whether plaintiff applied for a new position with the EEOC after her employment ended in November 2015.

On July 9, 2018, defendant filed a declaration from Teresa Dargan, a Human Resource Specialist within the EEOC, who is responsible for drafting the vacancy announcements for all EEOC offices and for reviewing applications for compliance with vacancy requirements, eligibility, and qualifications. Dk. 90, Declaration of Teresa Dargan ("Dargan Decl.") ¶¶ 1–2. Dargan asserts that in August 2016, a vacancy announcement for a "Government Information Specialist" was published for the Los Angeles District Office, and that plaintiff applied for this position.[9] Id. ¶ 4. After considering the applications submitted, Dargan attests that she created two lists of

---

[9] In a supplemental declaration also filed July 9, 2018, plaintiff confirms that she applied for the job posting for her former position on or about August 10, 2016. Dkt. 92, Supplemental Declaration of Lenee Sweeney, ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

eligible persons for consideration. Id. ¶¶ 6, 10. Plaintiff was not included on either of these lists. Id. ¶¶ 6, 11. Moreover, Dargan states that prior to defendant's counsel's request to provide a declaration concerning her review of the applications for the Government Information Specialist position, Dargan had "no individualized knowledge of [plaintiff]." Id. ¶ 3. Dargan further states that she had no knowledge of plaintiff's race, age, or any protected activity in which she might have engaged at the time she reviewed the applications for the Information Specialist position and prepared the list of eligible employees. Id. ¶ 14.

In turn, Profit attests that in October 2016, he received the lists of eligible persons that Dargan had prepared, that plaintiff's name did not appear on either list, and that he had "no knowledge that she applied for this position." Supp. Profit Decl. ¶ 6. As noted *supra*, Profit decided to recommend Graham for the position, and the District Director for the Los Angeles District Office concurred with Profit's recommendation and selected Graham for the position. Id. ¶ 8.

The Court has reviewed the true and correct copies of the lists of eligible persons that Dargan created for Profit's review, and observes that plaintiff's name does not appear on either list of eligible persons. Dargan Decl. & Exs. 4, 6. Because the undisputed evidence demonstrates that Dargan had no "individualized knowledge" of plaintiff, that she was not aware of plaintiff's protected activity when she compiled the list of eligible persons, and that plaintiff's name was not included on either list of eligible persons that was sent to Profit for hiring selection, the Court concludes that no reasonable jury could find that plaintiff suffered an adverse employment action in retaliation for her November 18, 2015 complaint. Accordingly, the Court **GRANTS** defendant's motion for summary judgment as to plaintiff's claim for retaliation in violation of Title VII.

### B. Plaintiff's Motions for Sanctions Against Defendant for Failure to Engage in Mediation and for Discovery Abuse.

Plaintiff asserts that defendant EEOC and its counsel should be sanctioned for failing to engage in mediation and for abusing discovery by allegedly spoliating plaintiff's retirement file.

The Court concludes that plaintiff's request for discovery sanctions is procedurally improper. As provided on the Court's website, all civil discovery matters are to be handled by the Magistrate Judge to whom the case is assigned. Similarly, the Rutter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:16-cv-07240-CAS(RAOx) | Date | July 17, 2018 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Guide provides that the first step in requesting discovery sanctions is to seek a court order from the Magistrate Judge compelling the discovery sought—and the only sanction available at that point is an award of reasonable expenses on the motion. See Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 11:377 (The Rutter Group 2017).

As such, the Court **DENIES** plaintiff's motions for sanctions. The parties are hereby **ORDERED** to complete mediation within **forty-five (45)** days of the date of this order.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for summary judgment as to plaintiff's claims for age and race discrimination. The Court **GRANTS** defendant's motion for summary judgment as to plaintiff's claim for retaliation. The Court **DENIES** plaintiff's motions for sanctions.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |