# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present          Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE IN SUPPORT OF CLAIMS PREVIOUSLY DISMISSED BY THE COURT (Dkt. [ 118 ], filed on February 8, 2019)

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE UNDISCLOSED AND IRRELEVANT WITNESSES (Dkt. [ 119 ], filed on February 8, 2019)

DEFENDANT'S MOTION IN LIMINE TO BIFURCATE PLAINTIFF'S REQUEST FOR EQUITABLE RELIEF UNDER TITLE VII AND PLAINTIFF'S AGE DISCRIMINATION CLAIM UNDER THE ADEA (Dkt. [ 120 ], filed on February 8, 2019)

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S PURPORTED RETIREMENT BENEFIT DAMAGES (Dkt. [ 121 ], filed on February 8, 2019)

PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ANY MENTION OF SETTLEMENT DISCUSSIONS WITH THE EEOC CHIEF MEDIATION OFFICER (Dkt. [ 123 ], filed on February 9, 2019)

PLAINTIFF'S MOTION IN LIMINE TO ESTABLISH CERTAIN FACTS AS TRUE DUE TO DISCOVERY ABUSE BY DEFENDANT OR IN THE ALTERNATIVE TO PREVENT DEFENDANT FROM MAKING MISLEADING ARGUMENTS (Dkt. [ 124 ], filed on February 9, 2019)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

## I.  INTRODUCTION

On September 27, 2016, plaintiff Lenee Sweeney filed the instant action against defendants U.S. Equal Employment Opportunity Commission (EEOC); Jenny R. Yang, then Chair of the EEOC; and Does 1–10, inclusive.  Dkt. 1.  On November 10, 2016, plaintiff filed her first amended complaint.  Dkt. 12 ("FAC").  The gravamen of plaintiff's complaint is that defendants discriminated against her on the basis of her age and race.

On February 8, 2018, defendant filed four motions in limine.  Dkts. 118 ("MIL 1"), 119 ("MIL 2"), 120 ("MIL 3"), 121 ("MIL 4").  On February 9, 2019, plaintiff filed two motions in limine, as well.  Dkts. 124 ("MIL 5"), 123 ("MIL 6").[1]  On February 15, 2019, plaintiff filed oppositions to defendants' motions in limine.  Dkts. 133 ("Opp'n 1"), 135 ("Opp'n 2"), 136 ("Opp'n 3"), 137 ("Opp'n 4").  Defendant filed oppositions to plaintiff's motions, as well.  Dkts. 134 ("Opp'n 5"), 132 ("Opp'n 6").  The Court held a hearing on February 25, 2019.  After hearing oral argument, the Court reserved ruling on the motions and scheduled a new hearing for the motions in limine.  The Court found that the parties were insufficiently aligned on the operative claims in the case, the theory of damages, pretrial disclosures, and other issues.  On March 13, 2019, the parties submitted a proposed pretrial conference order to the Court, and the Court heard additional argument on the motions in limine.[2]  Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1]  Plaintiff initially filed one of its motions in limine on February 8, 2019.  See Dkt. 122.  However, due to a filing error, plaintiff refiled the motion on February 9, 2019.  See Dkt. 124.  Although the deadline for filing these motions was February 8, 2019, the Court accepts the motions filed on February 9, 2019, in light of the technical filing issues.

[2]  On March 11, 2019, in advance of the status conference held on March 13, 2019, defendant filed an ex parte application to file replies to the four motions in limine that it previously filed.  Dkt. 144.  On March 12, 2019, plaintiff filed an opposition to the government's ex part application.  Dkt. 151.  Having found that additional briefing on these motions in limine is unwarranted, the Court **DENIES** defendant's ex parte application.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

## II. BACKGROUND

On May 12, 2017, defendant Victoria A. Lipnic[3], Acting Chair of the EEOC, filed a notice of motion and motion to dismiss plaintiff's complaint. Dkt. 26. On June 12, 2017, the Court granted Lipnic's motion to dismiss plaintiff's claims for fraud, misrepresentation, interference with prospective business advantage, intentional infliction of emotional distress, and defamation on sovereign immunity grounds, and dismissed the EEOC as a defendant. Dkt. 32.

On December 5, 2017, plaintiff filed a motion for leave to file a second amended complaint ("SAC") to name the Office of Personnel Management ("OPM") as an additional defendant in her request for declaratory relief. Dkt. 40. On January 8, 2018, the Court granted plaintiff's motion.[4] Dkt. 44.

On January 12, 2018, plaintiff filed an amended complaint and named OPM as an additional defendant with respect to her request for declaratory relief that she is entitled to (1) immediate institution of her retirement benefits based on 30 years employment, and to (2) immediate reinstatement of her medical insurance benefits. Dkt. 45 ("SAC"). Plaintiff alleges eight claims in the SAC against EEOC: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 et seq.; (2) race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e et seq.; (3) retaliation in violation of Title VII; (4) fraud; (5) misrepresentation; (6) interference with prospective business advantage; (7) intentional infliction of emotional distress; and (8) defamation. Id.

On May 14, 2018, OPM filed a motion to dismiss OPM as a defendant pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 59. On June 11, 2018, the Court granted OPM's motion to dismiss for lack of subject matter jurisdiction and dismissed OPM as a

---

[3] Victoria A. Lipnic was named as the Acting Chair of the EEOC on January 25, 2017. As noted in the Court's June 12, 2017 order on defendant's motion to dismiss and as amended in plaintiff's second amended complaint, Lipnic has been substituted for Yang as defendant in this suit.

[4] In its order, the Court observed that the issue of whether the Court has subject matter jurisdiction over OMP was a matter better decided on a motion to dismiss. See Dkt. 44.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

defendant in this action. Dkt. 73. The Court also ordered the fourth through eight claims, alleged against the EEOC, stricken from the record because the Court had previously dismissed those claims on sovereign immunity grounds, dkt. 32, and because plaintiff did not seek leave of Court to reinstate them, dkt. 73.

On May 25, 2018, Lipnic (hereinafter, "defendant") filed a motion for summary judgment. Dkt. 63 ("MSJ"). On the same day, plaintiff filed motions for sanctions. Dkts. 64, 65. On July 17, 2018, the Court denied defendant's motion for summary judgment as to plaintiff's claims for age and race discrimination. Dkt. 93 ("July Order"). The Court granted defendant's motion for summary judgment as to plaintiff's claim for retaliation. Id. The Court denied plaintiff's motions for sanctions. Id. Plaintiff's remaining claims are (1) age discrimination, in violation of ADEA, and (2) race discrimination, in violation of Title VII of the Civil Rights Act.

## III. LEGAL STANDARDS

A motion in limine is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013). Trial courts have broad discretion when ruling on such motions. See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002). Moreover, such rulings are provisional and "not binding on the trial judge" on the court. Ohler v. United States, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

## IV. DISCUSSION

### A. Defendant's motion in limine to exclude evidence in support of claims previously dismissed by the Court

Defendant moves to exclude any evidence, offered by plaintiff, in support of claims that the Court previously dismissed. MIL 1. Defendant asserts that, despite the Court's dismissal of plaintiff's claims for retaliation and declaratory relief, plaintiff represents that she will pursue these claims at trial, specifically regarding plaintiff's eligibility for retirement. MIL 1 at 2 (citing Dkt. 116, Plaintiff's Memorandum of Contentions of Fact and Law). Defendant emphasizes that plaintiff has not attempted to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

reinstate these claims by seeking leave to amend pursuant to Federal Rules of Civil Procedure 15 or 16. MIL 1 at 3. Defendant therefore argues that the Court should exclude evidence pertaining to plaintiff's eligibility for retirement from trial because it is irrelevant to the operative discrimination claims, likely to confuse the jury, and because it could cause prejudice to defendant. Id.

In her opposition to defendant's motion in limine, plaintiff argues that events and evidence pertaining to her application for retirement are relevant to proving discriminatory intent. Opp'n 1 at 17. Plaintiff also argues that the retaliation claim should be reinstated, and she asks the Court to treat her opposition as a motion for leave to amend. Id. at 11. "To the extent the defendants are attempting to preclude evidence that the EEOC refused to submit her retirement package to the EEOC, lied about submitting the package to the EEOC, refused to tell plaintiff the truth about her retirement and eligibility, this all goes to the discriminatory intent. Further, these facts also support a claim for retaliation and respectfully that claim should be submitted to the jury along with the race claim." Opp'n 1 at 16–17.[5] Plaintiff therefore contends that she could properly offer evidence pertaining to her retirement eligibility into the record.

The only operative claims in this case are plaintiff's age discrimination and race discrimination claims. There has been much confusion about the availability of declaratory relief in this case. The Court has held that no such relief lies against OPM, but has not addressed what declaratory relief may be available against the EEOC. While declaratory relief is not technically available, should plaintiff prevail on her discrimination claims, she may be entitled to reinstatement or to the return of pension benefits, as necessary to make her whole.[6]

---

[5] Plaintiff also appears to dispute the Court's basis for granting summary judgment on plaintiff's retaliation claim. See Opp'n 1 at 10 ("It appears the court discounted the evidence of the March 16, 2105 complaint finding the EEOC's declaration claiming 'the EEOC did not have the March 16, 2015" credible [sic] and plaintiff's declaration and copy of the complaint not credible. Plaintiff contends this is a factual issue that should be presented to the jury."). Plaintiff never filed a motion for reconsideration of the Court's July 17, 2018 ruling, and an opposition to a motion in limine is not a proper vehicle to raise this issue.

[6] The Court recognizes that at the status conference held on March 13, 2019, the Court stated that there were three operative claims in this case. Upon further reflection,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

At a status conference held on February 21, 2019, the Court clarified with plaintiff whether evidence pertaining to her application for retirement was relevant to the operative claims, even if the retaliation claim was not reinstated. Plaintiff confirmed that this evidence would be probative of defendant's alleged discriminatory intent in the operative claim. The Court agrees. To prove discriminatory intent, plaintiff need not point to a singular statement or event. "[T]he plaintiff in a disparate treatment case must show the employer's intent to discriminate, but intent may be inferred from circumstantial evidence." McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1122 (9th Cir. 2004) (citing Domingo v. New England Fish Co., 727 F.2d 1429, 1435 (9th Cir. 1984)).

Accordingly, defendant's first motion in limine is **DENIED**. Plaintiff's request to reinstate her retaliation claim is also **DENIED**.

**B.    Defendant's motion in limine to exclude undisclosed and irrelevant witnesses**

In its second motion in limine, defendant moves to exclude sixteen witnesses who were identified on plaintiff's witness list, filed on February 4, 2019. MIL 2 at 1 (citing Dkt. 115).

### i.    Testimony by the Treating Physicians

First, defendant moves to exclude five treating physicians who defendant contends were not included on plaintiff's initial disclosures. MIL 2 at 2. Defendant adds that, to date, plaintiff has failed to disclose the subject matter of the testimony these doctors will provide, and defendant insists that these doctors will not provide relevant testimony. Id. "Plaintiff cannot provide any explanation how the treating doctors' testimony have any bearing on plaintiff's 'emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses,'" which are the topics that may be considered for compensatory damages under Title VII. Id. at 3.

The Ninth Circuit has made clear that, "[t]he medical opinion of a treating physician is entitled to special weight." Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (citing Burkhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir.1988)). Additionally, a treating clinician may "testify to and opine on what they saw and did without the necessity of the

---

the Court concludes that there are only the two operative claims, both providing the possibility of forward-looking relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

proponent of the testimony furnishing a written expert report." Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 819 (9th Cir. 2011).

Plaintiff disclosed the identities of these treating physicians in her expert disclosures, submitted to defendants on June 25, 2018. See MIL 2, Ex. 2 ("Ex. Discl."). At that time, she did not identify the specific subject matters about which these witnesses would testify, but under Goodman, plaintiff is not required to provide full written reports for treating physicians, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). Plaintiff represents that these physicians will testify only in their capacity as lay witnesses. Opp'n 2 at 1. Additionally, although the Court previously inquired whether the testimony of five treating physicians would be cumulative, at the status conference held on March 13, 2019, plaintiff represented that she would call only two of the doctor witnesses to testify— plaintiff's primary care provider and the physician who treated plaintiff for a hernia during the time that plaintiff was unemployed. The Court hereby rules that this this testimony is admissible. The Court will employ a limiting instruction as necessary to advise the jury on the relevancy of the physician who treated plaintiff for a hernia.

### ii. Testimony by the Undisclosed Witnesses

Defendant also argues that six fact witnesses identified on plaintiff's witness list – Sandra Adams, Kathleen Giliam, Amil[c]ar Payan, Kristin Anderson, Chrisawn Thomas and Brenda Henry—must be excluded because (1) plaintiff failed to disclose these individuals pursuant to Federal Rule of Civil Procedure 26; (2) plaintiff has offered no explanation for her delayed disclosures, and (3) because defendant will be unfairly prejudiced should the Court permit these witnesses to testify. "Fact discovery closed on April 25, 2018, (see Dkt. 37, Court's Order of August 28, 2017), and to this date, defendant does not know who the unidentified persons in plaintiff's pretrial witness list are or the subject matter of their expected testimony." MIL 2 at 4.

The parties now agree that while plaintiff did not include these witnesses in her initial disclosures, she identified four of these individual, Giliam, Payan, Anderson, and Henry, at plaintiff's deposition, taken on February 23, 2018. Plaintiff therefore argues that her failure to comply with Rule 26 was "substantially justified" and "harmless." Opp'n 2 at 2. "Although Plaintiff made a good-faith effort to identify individuals relevant to her allegations when she provided her initial disclosures, in response to prodding by defendant at her deposition, more information came to light that is relevant to her claims. The non-disclosure of these individuals' names at the start of this litigation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

was not intentional, and was harmless and not prejudicial to defendant." Id. at 3. Plaintiff adds that defendant could have deposed these individuals, each of whom is a current or a former employee of the EEOC, in the several months following plaintiff's deposition, but defendant declined to do so. Id. at 2.

Where a party fails to abide by its discovery disclosure obligations, that "information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 Fed. App'x. 705, 713 (9th Cir. 2010) (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). "[T]he burden is on the party facing sanctions to prove harmlessness." Yeti by Molly, 259 F.3d at 1107. The Ninth Circuit "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." Id. at 1106.

The Court concludes that the individuals who were not identified at plaintiff's deposition may not testify at trial. However, the Court declines to exclude the testimony of the other witnesses who plaintiff failed to disclose in her initial disclosures, but who were eventually identified. The Court observes that nothing in the record demonstrates that plaintiff engaged in bad faith in her apparent failure to disclose these individuals as witnesses under Rule 26. Plaintiff also adequately demonstrates the harmlessness of her omission. Although plaintiff failed to include these witnesses in her initial disclosures, the information was provided on February 23, 2018. Opp'n 2 at 2. This occurred more than a year ago. Additionally, these individuals are or were employed by defendant. In the twelve months following plaintiff's deposition, defendant accordingly would have had ample opportunity to interview or depose these individuals. Accordingly, plaintiff demonstrates that there was no "prejudice or surprise to the party against whom the evidence is offered," and defendant's "ability to cure the prejudice was high." Lanard Toys, 375 Fed. App'x. at 713.

### iii.    Testimony by the Disclosed Witnesses

Finally, defendant argues that five additional witnesses-- Pamela Akers, Theresa Lacey Crawford, Gabrielle Martin, Lisa Williams, and Sheila Clark—should be excluded

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

because their testimony allegedly pertains to plaintiff's retaliation claim. MIL 2 at 4. Plaintiff responds that the Court should permit Akers, Crawford, Martin, Williams, and Clark—each of whom were identified in plaintiff's initial disclosures— to testify because they have knowledge of plaintiff's remaining discrimination claim. Id. at 3– 4. Plaintiff adds that, even if she only broadly identified topics for a witness to cover in her initial disclosures, "[d]efendant cites no authority for its assertion that [p]laintiff should be precluded from calling witnesses because of non-detailed descriptions of their relevance provided before a thorough investigation had been completed." Id. at 4.

The Court is not persuaded by defendant's argument that testimony by Akers, Crawford, Martin, Williams, and Clark—each of whom were identified in plaintiff's initial disclosures—is irrelevant now that the Court granted summary judgment on plaintiff's retaliation claim. Plaintiff represents that these individuals "have knowledge of the treatment Plaintiff received at the EEOC, both discriminatory and retaliatory." Opp'n 2 at 3. The Court has already indicated that evidence and testimony about events occurring after plaintiff resigned from the EEOC and applied for retirement may be relevant to the element of discriminatory intent. See Section III(A). Accordingly, plaintiff demonstrates that these witnesses are not necessarily irrelevant to the operative claims, and the Court declines to exclude them at this time. In the event that these individuals testify at trial, the Court will provide a limiting instruction as appropriate.

In conclusion, the Court **DENIES** defendant's request to exclude the two treating physicians that plaintiff intends to call, and otherwise **DENIES** defendant's request to exclude the treating physicians included in plaintiff's expert disclosures as moot. The Court **GRANTS** defendant's motion as to the two witnesses who were never identified by plaintiff, and otherwise **DENIES** defendant's motion as to the remaining witnesses who plaintiff failed to disclose in her initial disclosures. The Court **DENIES** defendant's motion to exclude testimony from employees at the EEOC.

C. **Defendant's motion in limine to bifurcate plaintiff's request for equitable relief under Title VII and plaintiff's age discrimination claim under the ADEA**

In its third motion in limine, defendant moves this Court to bifurcate plaintiff's claim under the ADEA and plaintiff's equitable relief for back pay and front pay, pursuant to Title. Defendant argues that plaintiff has no Seventh Amendment right to a jury trial with respect to her ADEA claim, nor with respect to her claim for equitable relief of back pay and front pay under Title VII. MIL 3 at 1 (citing Lehman v. Nakshian,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

453 U.S. 156, 160 (1981)). Defendant therefore argues that the Court should bifurcate plaintiff's trial, and exclude testimony or evidence regarding plaintiff's ADEA claim, as well as her request for back pay and front pay, from the jury trial. MIL 3 at 3.

Plaintiff responds that the Court need not bifurcate plaintiff's trial but presents outdated authority on this issue. Opp'n 3 at 2 (citing Harris v U.S. Dept of Treasury, 489 F. Supp. 476 (N.D. Ill. 1980) (permitting a jury trial in an ADEA case). Plaintiff additionally requests that, in the event that the Court bifurcates this action, that the bench trial immediately follow the jury's return of a verdict. Opp'n 3 at 3.

All claims in this case will be tried together. Accordingly, all evidence will be presented to the jury. However, the jury verdict will be advisory with regard to the ADEA claim and any equitable relief finding under Title VII. Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959), mandates the completion of the jury trial before the Court considers equitable claims. Id. at 510–11. Federal Rule of Civil Procedure 39(c) grants the Court broad discretion to empanel an advisory jury in circumstances like these. Traxler v. Multnomah Cty., 596 F.3d 1007, 1013 (9th Cir. 2010) ("A trial court, sitting in equity, may nevertheless employ an advisory jury."); Julian v. City of Houston, Tex., 314 F.3d 721, 729 (5th Cir. 2002) ("Since front pay is an equitable remedy, the district court rather than the jury should determine whether an award of front pay is appropriate, and if so, the amount of the award. . . . But the district court may determine the amount of the award with the assistance of an advisory jury."); 9 Charles A. Wright et al., Federal Practice & Procedure § 2335 (3d ed., 2018) ("[T]he case law is abundantly clear: it is completely discretionary with the trial judge whether or not to use an advisory jury under Rule 39(c), and the district court's exercise of this discretion is not reviewable.").

Defendant's request for a bifurcated trial is **DENIED.** Defendant's request to exclude evidence regarding the ADEA claim and equitable relief under Title VII from the jury is also **DENIED**.

### D. Defendant's motion in limine to exclude evidence of plaintiff's purported retirement benefit damages

Defendant next moves to exclude evidence of plaintiff's purported retirement benefits damages. Defendant first argues that this evidence must be excluded because the Court lacks subject matter jurisdiction to consider retirement eligibility. MIL 4 at 2; See Dkt. 73. Defendant further contends that plaintiff has abandoned any claim to retirement benefit damages because, in her administrative complaint to the EEOC, and in plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

responses to interrogatories promulgated in this case, plaintiff represented that she intended to work until 2025 before she retired.  Id.  Defendant therefore argues that any evidence or testimony pertaining to what plaintiff would have received in retirement benefits six years in the future would be impermissibly speculative and would lack foundation.  MIL 4 at 2–3 (citing Fed. R. Evid. 602 and 702).

Plaintiff responds by arguing that "plaintiff's retirement-related damages are part of and intertwined with defendant's discrimination of her.  Moreover, for plaintiff to be made whole, as is contemplated by both the ADEA and Title VII, she must be permitted to pursue these damages."  Opp'n 4 at 1.  Plaintiff adds that plaintiff's loss of retirement benefits is a major component of her damages, and that reinstatement of these benefits is a proper remedy under ADEA and Title VII. Opp'n 4 at 1.  Accordingly, plaintiff argues that the Court should permit evidence on this issue.

The Court understands that plaintiff has represented that she intended to retire in 2025.  MIL 4 at 2.  At oral argument, the parties confirmed that plaintiff has now been re-hired by the federal government, in a different capacity.  Per defense counsel's letter to plaintiff's counsel, dated June 15, 2018, the Court also observes that, "federal retirement is calculated using the three (3) consecutive years in which Ms. Sweeney was paid the highest during the entirety of her federal career, not the annual salary at which she ends her tenure."  MIL 1, Ex. 5 at 1.  Finally, at the status conference held on March 13, 2019, the parties also represented that plaintiff has declined to file a form, which, once submitted, can allegedly be employed by OPM to calculate the retirement package to which a federal employee would be entitled, based on their service to date.

At present, plaintiff's theory on the damages she has incurred with regard to her retirement benefits is therefore unclear.  The Court thus **RESERVES** ruling on defendant's fourth motion in limine until plaintiff has elected a theory of damages on this issue.  Plaintiff should state her elected theory of damages in the pre-trial conference order, which the parties will file in advance of the pretrial conference, set for May 6, 2019.  As discussed at the status conference held on March 13, 2019, the Court further directs plaintiff to prepare a statement setting forth the total economic damages allegedly suffered by plaintiff by reason of the alleged discrimination.

The Court also reminds the parties, as discussed at length in the Court's June 11, 2018 order, that it appears that the Court does not have jurisdiction over plaintiff's request for the Court to adjudicate her retirement eligibility, as this type of adjudication rests squarely within the authority of OPM.  See Dkt. 73.  A review of OPM's decision

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

must be appealed to the MSPB. [7] See Lindahl v. OPM, 470 U.S. 768 (1985). However, courts have repeatedly found that pension and other fringe benefits are generally available to prevailing plaintiffs under the ADEA and Title VII's "make whole" doctrine. See Kelly v. Am. Standard, Inc., 640 F.2d 974, 986 n.20 (9th Cir. 1981); Am. Ass'n of Retired Persons v. Farmers Grp., Inc., 943 F.2d 996, 1007 (9th Cir. 1991); Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 374 (3d Cir. 2004); Mitchell v. Seaboard Sys. R.R., 883 F.2d 451, 452 (6th Cir. 1989). Such benefits, including the payment of pension contributions that would have been issued to a plaintiff but for unlawful discrimination, have been awarded to employees of the federal government. See, e.g., Kahmann v. Reno, 967 F. Supp. 731, 732 (N.D.N.Y. 1997) ("The EEOC ordered a 'make whole' remedy, including, but not limited to, back pay plus interest and lost benefits.").

### E. Plaintiff's motion in limine to establish certain facts as true due to discovery abuses by defendant or in the alternative to prevent defendant from making misleading arguments

In her first motion in limine, plaintiff moves the Court for an order stating that certain facts have been deemed established, "based upon the grounds that the EEOC misused the discovery process." MIL 5 at 1. Plaintiff also argues that EEOC should be precluded from "trying to point the finger at the Office of Personnel Management, to confuse and mislead the jury, as they misle[d] the Court in their pleadings in this case." Id. Plaintiff effectively alleges that the EEOC willfully misrepresented its involvement in delaying plaintiff's application for retirement, and obstructed plaintiff's ability to pursue discovery on this topic. Id. at 2–3.

In response, defendant contends that it abided by its discovery obligations. Opp'n 5 at 3. Defendant also argues that plaintiff here attempts to relitigate a sanctions motion that the Court previously denied. Id.

---

[7] Insofar as plaintiff's retirement application may, in the future, be submitted to the OPM, and insofar as plaintiff may invoke federal antidiscrimination law to challenge any ensuing OPM decision and MSPB appeal, then the proper forum for judicial review would be a federal district court. See Perry v. Merit Sys. Prot. Bd., 137 S. Ct. 1975, 1979 (2017); 5 U.S.C.A. § 7703(b)(1)(A), (b)(1)(A)(2). However, insofar as plaintiff may instead challenge any ensuing OPM decision on the sole grounds that it improperly calculated retirement benefits, the proper forum for judicial review would be the Federal Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Plaintiff's request for discovery sanctions, couched in this motion in limine, is procedurally improper. As provided on the Court's website, and as the Court has previously advised the parties, all civil discovery matters are to be handled by the Magistrate Judge to whom the case is assigned. Similarly, the Rutter Guide provides that the first step in requesting discovery sanctions is to seek a court order from the Magistrate Judge compelling the discovery sought—and the only sanction available at that point is an award of reasonable expenses on the motion. See Judge Beverley Reid O'Connell et al., California Practice Guide: Federal Civil Procedure Before Trial ¶¶ 11:2359–90 (The Rutter Group 2018).

Plaintiff's motion is accordingly **DENIED**. However, the Court directs the parties to meet and confer to discuss stipulated facts in this case, particularly pertaining to plaintiff's eligibility for retirement.

### F. Plaintiff's motion in limine to exclude any mention of settlement discussions with the EEOC Chief Mediation Officer

In her second and final motion in limine, plaintiff seeks to exclude any mention of settlement discussions with Victor Voloshin ("Voloshin"), the Chief mediation Officer of the Resolve Program at the EEOC. MIL 6 at 2. Plaintiff argues that this information is protected under the Administrative Dispute Resolution Act of 1996, Pub. Law 104-320 ADRA ("ADRA"), and under Federal Rule of Evidence 408. Id. 2–3.

Defendant agrees that pursuant to Federal Rule of Evidence 408, negotiation evidence is inadmissible to prove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement. Opp'n 6 at 3. However, defendant also highlights that this exclusion is limited. Accordingly, defendant argues that the fact that the EEOC attempted to mediate issues relevant to this case—without delving into the specifics of the mediation—would be admissible should plaintiff argue at trial that the EEOC did not attempt to resolve plaintiff's allegations. Id. at 3–4. Defendant also argues that the ADRA prohibits the disclosure of statements made in confidence to a neutral during a mediation process, but that an individual "could provide [testimony] limited to the mediation process." Id. at 3.

#### i. Federal Rule of Evidence 408

Federal Rule of Evidence 408 excludes evidence of conduct or statements made during settlement negotiations when offered "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408(a)(2). However, the rule permits this evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

for purposes, "such as" proving bias, prejudice, and negating a contention of undue delay. Id. (b). Accordingly, because evidence of the parties' attempts to negotiate could be offered for admissible purposes under Rule 408(b), the Court declines to categorically exclude this evidence under Rule 408.

### ii. The Administrative Dispute Resolution Act

Under the ADRA, "a neutral in a dispute resolution proceeding shall not voluntarily disclose or through discovery or compulsory process be required to disclose any dispute resolution communication or any communication provided in confidence to the neutral," absent limited exceptions. 5 U.S.C.A. § 574 (West); Pub. Law 104-320 ADRA. The parties agree that a "neutral" would include a mediator like Voloshin. However, while the ADRA prohibits disclosures of statements made in confidence *during* dispute resolution proceedings, the Court is aware of no authority stating that the act also excludes any mention that dispute resolution occurred. Additionally, "[t]he purpose of the EEOC's confidentiality policy is to allow 'parties to ADR proceedings to be forthcoming and candid, without fear that frank statements may later be used against them.'" Samadi v. Quality Furniture LLC, No. CV 12-593-PHX-SRB, 2012 WL 12870242, at *4 (D. Ariz. July 23, 2012) (quoting Equal Employment Opportunity Commission's Alternative Dispute Resolution Policy Statement, http://www.eeoc.gov/policy/docs/adrstatement.html (last visited February 22, 2019) ¶ II.B.3). Therefore, the mere acknowledgement that mediation attempts occurred, particularly for purposes of rebuttal, would not contravene the ADR's purpose of facilitating candid conversation between the parties.

Accordingly, the Court declines to exclude this evidence. Plaintiff's motion is **DENIED** without prejudice to plaintiff renewing the motion in the event that defendant offers evidence of this mediation for an inadmissible purpose.

## V. CONCLUSION

In accordance with the foregoing, defendant's motion in limine to exclude evidence in support of claims previously dismissed by the Court is **DENIED.** Defendant's motion to exclude certain witnesses is **DENIED** in part and **GRANTED** in part. Defendant's motion in limine to bifurcate plaintiff's age discrimination claim under the ADEA and plaintiff's request for equitable relief under Title VII is also **DENIED**. The Court **RESERVES** ruling on defendant's motion to exclude evidence of plaintiff's purported retirement benefit damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:16-CV-07240 CAS (RAOx) | Date | March 26, 2019 |
| Title | LENEE SWEENEY v. JENNY R. CHANG ET AL. | | |

Plaintiff's motion in limine to establish certain facts as true due to discovery abuses by defendant or in the alternative to prevent defendant from making misleading arguments is **DENIED.** Plaintiff's motion in limine to exclude any mention of settlement discussions with the EEOC Chief Mediation Officer is also **DENIED**.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |